The decision below is hereby signed.  Dated: February 15, 2006.

_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ROSEMARY McCRAY, | ) | Case No. 06-00017 |
| | ) | (Chapter 13) |
| Debtor. | ) | |
| | ) | |

DECISION RE MOTION OF GRP REALTY, LLC
FOR RELIEF FROM AUTOMATIC STAY AND OTHER RELIEF

The instant case is the third bankruptcy case that has interfered with the efforts of GRP Realty, LLC ("GRP") to obtain possession of real property located at 7247 15th Place, NW, Washington, D.C.  GRP claims to own the property by reason of a foreclosure sale pursuant to a deed of trust which encumbered the property.  At the time of the foreclosure sale, Ronald Anderson was the record owner of the property.  Mr. Anderson's wife, Aquanetta Anderson, claims that prior to the foreclosure sale, Mr. Anderson conveyed to her by deed an interest in the property as a tenant by the entirety, but she never recorded the deed. GRP has been pursuing a proceeding in the Superior Court for the District of Columbia to obtain possession of the property.

Mr. Anderson filed a petition commencing a case in this court, Case No. 05-00394, which stayed GRP, pursuant to 11 U.S.C. § 362(a), from pursuing the eviction proceeding.  This court granted GRP relief from the stay to pursue the eviction proceeding (as the Andersons' defenses to eviction were defenses arising under nonbankruptcy law that were entirely appropriate for the Superior Court to adjudicate).  GRP then proceeded to litigate the eviction proceeding.

However, on the very day that the Superior Court heard GRP's motion for summary judgment in the eviction proceeding, Mrs. Anderson filed a petition commencing her own case in this court, Case No. 05-02389, again staying GRP pursuant to § 362(a) from pursuing the eviction proceeding.  GRP once again was forced to seek relief from the automatic stay of § 362(a).  At a final hearing on Friday, January 20, 2006, the court rendered an oral decision against Mrs. Anderson and in favor of GRP regarding relief from the automatic stay, and the appropriate order issued later.  The court's supplemental written decision in Mrs. Anderson's case explains at length the basis for granting such relief, including Mrs. Anderson's shameful conduct in that case, and the court will assume the reader's familiarity with that decision without needlessly repeating it here.

On Sunday, January 22, 2006, two days after the court had rendered its oral decision against Mrs. Anderson, Rosemary McCray

filed a voluntary petition commencing this third case.  On the petition she claimed that she "is co-owner of property and occupant at 7247 15th PL NW, Wash, DC 20012."  Once again, GRP was subjected to an automatic stay under § 362(a) preventing its pursuit of the eviction proceeding.

GRP has moved for relief from the automatic stay or for a determination that no stay arose by reason of 11 U.S.C. § 362(b)(22).  In relevant part, § 362(b) provides that a petition does not operate as a stay--

> (22) subject to subsection (l), under subsection (a)(3), of the continuation of any eviction . . . proceeding **by a lessor** against a debtor involving residential property in which the debtor resides **as a tenant under a lease or rental agreement** and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor.

[Emphasis added.]  Because GRP has not alleged that it was McCray's lessor, or that it had a lease or rental agreement with her, § 362(b)(22) does not apply.  However, relief from the automatic stay is appropriate for the very same reasons relief from the automatic stay was appropriate in Mr. and Mrs. Anderson's cases.

GRP additionally seeks the imposition of a so-called *in rem* order which will bar the automatic stay from arising in any subsequent bankruptcy case with respect to the property.  That remedy, well known to the bankruptcy courts prior to the Bankruptcy Code amendments enacted in 2005, has been partially

3

codified pursuant to those amendments.  Specifically, in certain instances new 11 U.S.C. § 362(d)(4) now permits entry of an order granting relief from the automatic stay which shall have effect for two years in any subsequent bankruptcy case.  However, § 362(d)(4) is limited to a stay of an act against real property and to "a creditor whose claim is secured by an interest in such real property."  Here, GRP holds no claim secured by an interest in the subject property.  Instead, it claims to own the property pursuant to a foreclosure sale (which by definition would extinguish the security interest it had in the property).

Nevertheless, Congress gave no indication in enacting § 362(d)(4) that it intended to prevent bankruptcy courts from employing 11 U.S.C. § 105(a) (which authorizes the court to "issue any order . . . that is necessary or appropriate to carry out the provisions of this title") to enter orders, when necessary or appropriate, to prevent the harm arising from abusive filings.  If anything, the 2005 amendments evidence a congressional intent that the courts crack down on abusive filings by debtors.

McCray, joined by the Andersons, has opposed GRP's motion. They contend that McCray has not been given an opportunity to contest the eviction proceeding and point to arguments under nonbankruptcy law contesting GRP's claimed ownership of the property and the validity of the foreclosure sale.  McCray's

4

asserted right to be heard in the Superior Court and her other nonbankruptcy law arguments are precisely the types of issues this court has twice before said should be decided in the Superior Court.  To protect GRP from the possibility that yet a fourth case will be commenced giving rise to an automatic stay against its eviction efforts, it is appropriate to enter an order that no such further filing shall have that effect for a period of two years.

It may be added that McCray's filing was clearly in bad faith.  She filed her petition on a Sunday following the adverse ruling against Mrs. Anderson two days earlier in an obvious attempt to frustrate GRP's eviction efforts.  McCray recites that she "has filed this petition to reorganize her debts and debts as an occupant under the Bankruptcy Code," but on the very day of the hearing on GRP's motion, she filed a motion for and obtained a dismissal of her case, as was her absolute right.

Because the dismissal of this case was with prejudice for 180 days pursuant to 11 U.S.C. § 109(g)(2), McCray is barred from filing a new case during that 180-day period.  However, if she files a new case, the Bankruptcy Code as amended in 2005 suggests that a § 362(a) stay nevertheless will arise.  See 11 U.S.C. § 362(b)(21)(A) (providing that no stay will arise as to certain acts, but not all acts stayed by § 362(a), if the debtor was ineligible under § 109(g) to be a debtor in the new case).  It is

thus appropriate to bar any further filing by McCray from giving rise to an automatic stay against GRP's eviction efforts. Furthermore, it is appropriate to enter such relief against Mr. and Mrs. Anderson.

    Finally, the Andersons and McCray point to no other occupant of the property.  In that circumstance, it is appropriate to bar any future filing for the next two years by anyone to give rise to an automatic stay of GRP's eviction efforts.  GRP ought not face the prospect of the Andersons persuading some individual to file a case claiming to be an occupant of the property and thereby staying GRP's eviction efforts.  In any event, the Andersons and the McCrays have no standing to complain if the court bars a stay from arising in some other individual's case with respect to GRP's eviction efforts.

    An order follows.

                                   [Signed and dated above.]

Copies to: Debtor; Debtor's Attorney